# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILBERT EUGENE PROFFITT,<br>Petitioner, | CIVIL ACTION |
| v. | |
| SEAN MARLER, Warden/Superintendent,<br>Respondent. | NO. 18-705 |

DuBois, J.                                                                                    January 22, 2019

# M E M O R A N D U M

## I.     INTRODUCTION

*Pro se* petitioner, Wilbert Eugene Proffitt, is currently serving a sentence for violation of parole at the Federal Correctional Institution Hazelton ("FCI Hazelton") in West Virginia. Petitioner was originally sentenced in the Eastern District of Virginia, on July 11, 1971, to twenty-five years imprisonment for bank robbery, and on May 14, 1974, to four years imprisonment for attempted escape from a federal prison.

Petitioner filed the instant *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Document No. 1) on February 16, 2018, and an accompanying Motion for Appointment of Counsel (Document No. 2). Petitioner also filed a Motion for Injunctive Relief (Document No. 3, filed on May 16, 2018) and a Motion to Transfer (Document No. 10, filed on November 13, 2018). The Government filed a response to the petitioner's § 2241 motion on November 6, 2018 (Document No. 8).

At the time petitioner filed the pending § 2241 habeas petition, he was housed in the Federal Detention Center at Philadelphia ("FDC Philadelphia"). In his habeas petition, he advances two types of arguments. First, he claims that he was denied due process rights

including the right (1) to confront his accusers, (2) of access to the court, and (3) to assistance of counsel of his choice. Second, he argues that the conditions of his confinement, at FDC Philadelphia, violated the standards of human decency. As relief, petitioner seeks (1) appointment of counsel, (2) an evidentiary hearing, and (3) an order directing that he be returned to Virginia or, in the alternative, that he be released from custody.

For the reasons discussed below, the Court dismisses with prejudice petitioner's § 2241 Petition for Writ of Habeas Corpus and denies petitioner's Motion for the Appointment of Counsel, Motion for Injunctive Relief, and Motion to Transfer.

## II. DISCUSSION

### A. *Pro Se* **Petitioner's § 2241 Habeas Petition**

Petitioner brings his claims under 28 U.S.C. § 2241. Section 2241 states that "writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge within their respective jurisdictions to prisoners in custody in violation of the Constitution or laws or treaties of the United States." *In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997); 28 U.S.C. § 2241(a), (c)(3). Section 2241 is distinct from the most common form of federal habeas, 28 U.S.C. § 2255, which allows federal prisoners to challenge the validity of their convictions. In contrast to § 2255, § 2241 confers habeas jurisdiction in two limited circumstances: (1) when a prisoner is challenging the execution of a sentence, and (2) when a prisoner seeks to test the legality of a detention and § 2255 is otherwise inadequate. Brian R. Means, Federal Habeas Manual § 1:29 (2018).

In this case, petitioner's claims are not cognizable under § 2241 because none of his claims challenge the execution of his sentence and he has not shown § 2255 to be inadequate. Thus, petitioner's § 2241 habeas petition must be dismissed.

1. Due Process Claims

Petitioner advances several due process claims in his habeas petition. Specifically, petitioner asserts that he is incarcerated unlawfully because he was denied (1) the "right . . . to confront his accusers," (2) the right of "access to the court of jurisdiction," and (3) the "right to the assistance of counsel of his choice." Pet. Mot. 5. Each of petitioner's due process claims articulates a right to which criminal defendants are entitled at trial. Thus, petitioner's claims that he was denied these rights challenge the validity of his conviction and subsequent sentence and not the execution of his sentence. As a result, this Court only has jurisdiction to hear petitioner's due process claims, brought under § 2241, if § 2255 was otherwise inadequate or ineffective to address petitioner's claims.

Circumstances in which § 2255 is inadequate or ineffective are rare and are governed by the section's "savings clause." The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The Third Circuit has interpreted the savings clause narrowly. In the case of *In re Dorsainvil*, the Third Circuit held that a § 2255 petition was "inadequate or ineffective" when a prisoner asserted a claim of "actual innocence" based on a subsequent Supreme Court statutory interpretation decision that made the prisoner's conduct non-criminal, but was barred from challenging his conviction under § 2255. 119 F.3d at 251; *see also United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013). Since *Dorsainvil* was decided in 1997, the Third Circuit has repeatedly affirmed *Dorsainvil*, but has not expanded its interpretation of the savings clause. *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d

3

Cir. 2017); *Tyler*, 732 F.3d at 246. Recently, the Third Circuit ruled that access to § 2241 through the § 2255 savings clause is allowed only when the following two conditions are satisfied:

> First, a prisoner must assert a claim of actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision and our own precedent construing an intervening Supreme Court decision—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review . . . . And second, the prisoner must be otherwise barred from challenging the legality of the conviction under § 2255.

*Bruce*, 868 F.3d at 180 (internal citations omitted).

Petitioner fails to meet the first savings clause condition because he has not presented any evidence of actual innocence based on intervening Supreme Court precedent. He has not argued that an intervening Supreme Court decision rendered the conduct for which he is incarcerated non-criminal.

In addition, petitioner fails to meet the second savings clause condition because he does not show that he is barred from challenging the legality of his conviction under § 2255. Respondents argue that petitioner "makes no attempt" to meet the requirements of the savings clause by showing that § 2255 was "insufficient or inadequate." Gov. Resp. 7. To the contrary, petitioner, in his *pro se* motion, underlined language describing § 2255 as "inadequate or ineffective" and stated that he had filed motions under § 2255 "many times." Pet. Mot. 4. In a section of the form petition which asked petitioner to explain why his prior § 2255 petitions were inadequate or ineffective, petitioner stated "there is a question whether the [judges involved in his § 2255 petition or petitions] were involved in a [sic] assassination attempt on petitioner in the Atlanta penitentiary in 1978. . . ." Pet. Mot. 4. That explanation, taken at face value, fails to establish that a motion under § 2255 would be "inadequate or ineffective."

4

In sum, because petitioner's due process claims relate to the validity of petitioner's sentence as opposed to the execution of his sentence, they must fall within the purview of the savings clause exception under § 2255 for this Court to have jurisdiction to hear petitioner's claims under § 2241. Because petitioner (1) did not identify any intervening Supreme Court decisions making his conduct non-criminal, or even assert that such precedent exists, and (2) failed to show that a motion under § 2255 would be "inadequate or ineffective," petitioner's due process claims were not properly brought under § 2241 through the savings clause exception to § 2255. Therefore, petitioner's due process claims are not cognizable under § 2241 and must be dismissed.

2. Conditions of Confinement Claims

Petitioner's § 2241 petition also raises claims related to the conditions of his confinement at FDC Philadelphia. Specifically, petitioner claims that his right to "conditions of confinement suitable for human habitation" has been violated. Pet. Mot. 5. Petitioner writes that he "provided better conditions to his hogs than is provided here at this institution." Pet. Mot. 5. Petitioner also states that the Bureau of Prisons suppresses "the truth of how they treat federal prisoners – practicing a clock-work orange forbidden by the law." Pet. Mot. 6. In support of that statement petitioner wrote that the Bureau of Prisons "places non-heteral [sic] sexual employees as civil servants to attempt to employ a satanic practices [sic]." Pet. Mot. 6. All of petitioner's conditions of confinement claims relate to the facility in which he was housed at the time of filing, FDC Philadelphia.

Respondent argues that petitioner's conditions of confinement claims are not appropriate in a § 2241 petition because (1) they do not contest the fact or duration of his confinement and as a result are not properly the subject of a § 2241 petition; (2) petitioner has not exhausted his

5

administrative remedies; and (3) the claims are moot because petitioner has been transferred from FDC Philadelphia to FCI Hazelton.  Gov. Resp. 7.

As an initial matter, "unlike § 2255, which only confers jurisdiction over challenges to the validity of the petitioner's sentence, [the Third Circuit] ha[s] held that § 2241 confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012).  However, "the precise meaning 'execution of the sentence' is hazy."  *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242 (3d Cir. 2005).  In *Woodall* the Third Circuit defined "execution" as meaning "to 'put into effect' or 'carry out'" and held that a petition is reviewable under § 2241 when the Bureau of Prisons was not carrying out a prisoner's sentence as directed.  *Id.* at 243; *Cardona*, 681 F.3d at 536.

Petitioner does not assert that the Bureau of Prisons has failed to carry out his sentence in the manner ordered by the sentencing court.  Instead, he asserts that the conditions of confinement are inhumane and abusive.  Such claims do not challenge the "execution" of a sentence, as it has been defined by the Third Circuit, but instead raise issues that are more properly the subject of a civil rights action.  *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (stating "when the challenge is to a condition of confinement such that a finding in petitioner's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate"); *see also McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010) ("[T]he fact that a civil rights claim is filed by a prisoner rather than by an unincarcerated individual does not turn a § 1983 case or a *Bivens* action into a habeas petition.").  Because petitioner's claims do not relate to the execution of his sentence, they are not cognizable under § 2241.  As a result, the Court lacks jurisdiction over those claims.

Furthermore, assuming arguendo that petitioner's claims could be interpreted to question the execution of his sentence as defined by the Third Circuit, they would still be dismissed because petitioner has failed to exhaust his administrative remedies. "Although there is no statutory exhaustion requirement attached to § 2241, the [Third Circuit has] consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Under this requirement, federal prisoners must exhaust all administrative remedial procedures to which they are entitled under 28 C.F.R. §§ 542.10 through 542.19[1] unless administrative remedies would have been futile. *See Dandridge v. Schultz*, No. 07-1531, 2007 WL 4300846, at *3–4 (E.D. Pa. Dec. 6, 2007) (dismissing a § 2241 habeas petition for failure to exhaust administrative remedies where petitioner submitted an informal request but did not pursue his request through the administrative appeals process).

The record shows that petitioner did not file any administrative remedy requests or appeals during his incarceration at FDC Philadelphia. *See* Gov. Resp. Ex. A. In fact, petitioner's only mention of exhaustion of administrative remedies at the Bureau of Prisons in his habeas petition states that "the Bureau of Prisons ha[s] no jurisdiction" over his claims. Pet. Mot. 6. Although a petition will not be dismissed for failure to exhaust administrative remedies where petitioner shows that administrative remedies would be futile, in this case, petitioner fails to make such an argument and provides no excuse for his failure to pursue administrative remedies

---

[1] The administrative remedies made available by the Bureau of Prisons are detailed in *Dandridge v. Schultz*. No. 07-1531, 2007 WL 4300846, at *3 (E.D. Pa. Dec. 6, 2007). *Dandridge* states "[g]enerally, an inmate should first present an "issue of concern" to prison staff for informal resolution. 28 C.F.R. § 542.13. If the matter cannot be resolved informally, the prisoner may file a complaint with the warden within twenty days of the date on which the basis of the complaint occurred. *Id.* § 542.14. If the inmate is unsatisfied with the warden's response, the inmate may file an appeal with the regional director within twenty days of the date of the warden's response. *Id.* § 542.15. The final appeal, which must be filed within thirty days of the date of the regional director's response, is to the BOP's Office of General Counsel." *Id.*

aside from his unsupported statement that the Bureau of Prisons lacks jurisdiction over his claims.

Finally, even if this Court had jurisdiction over petitioner's conditions of confinement claims and petitioner had properly exhausted his administrative remedies, the issue is now moot.[2] "The duty of [the] court ... is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it," *Burkey v. Marberry*, 556 F.3d 142, 149 (3d Cir. 2009) (citing *Mills v. Green*, 159 U.S. 651, 653 (1895).

Petitioner submitted his § 2241 habeas petition on February 16, 2018, while he was incarcerated at FDC Philadelphia. On June 4, 2018, petitioner was transferred to FCI Hazelton. Petitioner's allegations of inhumane conditions of confinement related only to FDC Philadelphia, where he is no longer housed. Therefore, there is no ongoing injury related to petitioner's conditions of confinement at FDC Philadelphia, and relief under § 2241 is unavailable. *See Roudabush v. Warden Fort DIX FCI*, 640 F. App'x 134, 136 (3d Cir. 2016) (noting that because petitioner was transferred to a different facility his conditions of confinement habeas petitions under § 2241 "appear to be moot to the extent that they can be read to seek 'release' from any particular condition of confinement at Fort Dix").

3. <u>Necessity of a Hearing</u>

Although petitioner requests that the Court conduct an evidentiary hearing on his habeas petition, a hearing is unnecessary. Pet. Mot. 9. An evidentiary hearing on a post-conviction motion for collateral relief is necessary only where "the files and records of the case are

---

[2] "Article III extends the Judicial Power of the United States only to 'cases' and 'controversies.' The Supreme Court has held that 'federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.'" *Unalachtigo Band of Nanticoke Lenni Lenape Nation v. Corzine*, 606 F.3d 126, 129 (3d Cir. 2010) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

8

inconclusive as to whether the movant is entitled to relief." *See United States v. Tolliver*, 800 F.3d 138, 140 (3d Cir. 2015) (quoting *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005)). Because the facts of record clearly establish that *pro se* petitioner is not entitled to relief, the Court concludes that a hearing on the petition is unnecessary.

4. Conclusion

For the foregoing reasons, the Court dismisses the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner's due process claims and conditions of confinement claims are dismissed with prejudice.

**B. *Pro Se* Petitioner's Motion for Appointment of Counsel**

In both petitioner's § 2241 habeas petition and in his separate Motion for Appointment of Counsel, petitioner requests the appointment of Arrianna Freeman "to assist petitioner in this habeas corpus application to this court." Pet. Mot. for Appoint. of Counsel 1.

The Court may appoint counsel for a habeas petitioner when the interests of justice require. 18 U.S.C. § 3006A(a)(2). In making this determination, courts look to "whether the petitioner has presented a non-frivolous claim, whether the appointment of counsel would benefit the petitioner and the Court, the complexity of the factual and legal issues, and the petitioner's ability to investigate the facts and present claims." *Tate v. Link*, No. 17-365, 2017 WL 1363335, at *3 (E.D. Pa. Mar. 21, 2017) (citing *Reese v. Fulcomer*, 946 F.2d 247, 263-64 (3d Cir. 1991) *adopted by*, No. 17-0365, 2017 WL 1393056 (E.D. Pa. Apr. 12, 2017)).

In this case, where no evidentiary hearing is warranted and the petitioner's claims clearly are not covered by § 2241, the interests of justice do not require the appointment of counsel for petitioner. Therefore, the Court denies petitioner's request for the appointment of counsel.

**C. _Pro Se_ Petitioner's Motion for Injunctive Relief**

Petitioner submitted a motion for injunctive relief on May 16, 2018, which asks the Court to "release [petitioner] to return to his family." Mot. for Inj. 2. The Government has not responded to this motion.

The Supreme Court has held that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." _Wires v. Bledsoe_, No. 09-943, 2009 WL 2632241, at *3 (M.D. Pa. Aug. 25, 2009) (citing _Preiser v. Rodriguez_, 411 U.S. 475, 500 (1973)).

Petitioner's arguments center on the manner in which he was arrested and his good behavior during prior extended periods of release. Essentially, petitioner's motion for injunctive relief challenges the very fact of his confinement and seeks release from confinement as relief.

Petitioner cannot use a motion for an injunction to seek a remedy available exclusively through a motion for habeas corpus under § 2255. Therefore, the Court denies petitioner's motion for injunctive relief. As stated _supra,_ petitioner is not entitled to habeas relief.

**D. _Pro Se_ Petitioner's Motion to Transfer**

As a final matter, petitioner submitted a motion to transfer this case on November 13, 2018, requesting that the Court transfer this case to Magistrate Judge James P. Mazzone of the Northern District of West Virginia.

Petitioner currently has a separate case pending in the Northern District of West Virginia, _Proffitt v. Warden Entzel_, No. 18-102 (N.D. W.Va., filed June 14, 2018). Petitioner's motion to

transfer appears to be an attempt to consolidate the present action with petitioner's case in West Virginia.

Petitioner cites to a September 4, 2018, Order in the West Virginia case under which that case was assigned to Judge Mazzone. Petitioner argues that this assignment is binding on the present case and that as a result this Court must transfer the pending motions to the Northern District of West Virginia. Petitioner's interpretation of the Order is incorrect. The Order assigning the case to Judge Mazzone is limited to that case currently pending in the Northern District of West Virginia. It is not applicable to this Court.

Furthermore, under § 2241, district courts have authority to grant habeas corpus "within their respective jurisdictions." Petitioner properly filed his § 2241 petition in this Court while he was confined at FDC Philadelphia. Although petitioner is currently confined at FCI Hazelton in West Virginia, the relevant consideration is the district of confinement at the time the petition was filed. *See Barden v. Keohane*, 921 F.2d 476, 477 n.1 (3d Cir. 1990). Therefore, this Court is the appropriate venue for this case. Petitioner's Motion to Transfer is, therefore, denied.

### III. CONCLUSION

For the foregoing reasons, the Court dismisses *pro se* petitioner's § 2241 petition for habeas corpus with prejudice and denies petitioner's motions for appointment of counsel, injunctive relief, and transfer. An appropriate Order follows.